Dear Mr. Dupuy:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for an opinion concerning Article VII, Sec. 23 of the Louisiana Constitution of 1974 and La.R.S. R.S.47:1705(B), which provide the procedure for taxing authorities to levy additional or increased millages on property without further voter approval following the quadrennial reassessment.
Article VII, Sec. 23(C) of the Louisiana Constitution of 1974 provides, in part, that:
 Increases in the millage rate in excess of the rates established as provided by Paragraph (B) above but not in excess of the prior year's maximum authorized millage rate may be levied by two-thirds vote of the total membership of a taxing authority without further voter approval but only after a public hearing held in accordance with the open meetings law; however, in addition to any other requirements of the open meetings law, public notice of the time, place, and subject matter of such hearing shall be published on two separate days no less than thirty days before the public hearing. Such public notice shall be published in the official journal of the taxing authority, and another newspaper with a larger circulation within the taxing authority than the official journal of the taxing authority, if there is one.
La.R.S. 47:1705(B) provides, in part, the following:
 (c)(i) In addition to any notice requirements provided for in Article VII, Section 23(C) of the Constitution of Louisiana and this Section, any tax recipient body which proposes to hold a public hearing in any tax year for the purpose of levying additional or increased millages on property without further voter approval shall publish, by July fifteenth, public notice of the date, time, and place of the hearing. The notice shall contain a statement *Page 2 
that the tax recipient body intends to consider at the hearing levying additional or increased millage rates without further voter approval,
 (ii) The notice shall be published on two separate days in the official journal of the taxing authority, and in another newspaper with a larger circulation within the taxing authority than the official journal of the taxing authority, if there is one.
 (iii) Requirements for the notice required in this Subparagraph shall be prescribed by the Louisiana Tax Commission which requirements shall include:
 (aa) Prominent placement in the newspaper in a section other than the classified advertisement or public notice section.
 (bb) Formatting in a box with a bolded outline.
 (cc) A size of not less than two inches by four inches.
 (dd) Print in bold face type.
 (iv) The additional publications in the official journal as required by this Subparagraph shall be provided by the official journal at a charge not in excess of the rates assessed and charged for regular commercial advertising.
 (v) Failure to timely accomplish such publication shall make the adoption at such a hearing of any resolution or ordinance providing for the adoption of additional or increased millage null, void, and of no effect.
 (vi) Each tax recipient body required to publish public notice pursuant to this Subparagraph shall also provide to the assessor in its parish or district as the case may be, the date, time and place of its pending hearing. Each assessor shall maintain a list of each of the pending hearing dates in his parish or district as the case may be and may publish such hearing dates on his website.
 (d) In addition to the requirements for publication provided for in this Subparagraph, the tax recipient body shall issue a press release to newspapers with substantial distribution within the parish of the tax recipient's jurisdiction and to area broadcast media. *Page 3 
As can be seen from the above-quoted provisions, Article VII, Sec. 23(C) of the Louisiana Constitution of 1974 requires the taxing authority to make public notice of the time, place, and subject matter of the hearing. The public notice must be published on two separate days no less than thirty days before the public hearing. Furthermore, the public notice shall be published in the official journal of the taxing authority, and another newspaper with a larger circulation within the taxing authority than the official journal of the taxing authority, if there is one. Additionally, under La.R.S. 47:1705(B)(c)(i), the two public notices must be published on or before July fifteenth. Finally, La.R.S. 47:1705(B)(c)(iii) provides that the published notice meet certain placement and formatting requirements.
Under the fact pattern you provided, the tax authority met the publication requirements of Article VII, Sec. 23(C) of the Louisiana Constitution of 1974 and La.R.S. 47:1705(B)(c), including the requirement to publish, on or before July fifteenth and in the manner prescribed, public notices of the meeting in both the official journal and another newspaper. Unfortunately, the meeting could not take place on the day listed in the public notice due to complications caused by Hurricane Gustav.
You ask whether and how the meeting can be rescheduled given that La.R.S. 47:1705(B)(c)(i) requires that publication of the public notices of a meeting for the purpose of levying additional or increased millages on property without further voter approval must occur on or before July fifteenth. Since that date has already occurred, it would not be possible for the public notices of the rescheduled meeting to be published on or before July fifteenth. Moreover, because La.R.S. 47:1705(B)(c)(v) provides that "failure to timely accomplish such publication shall make the adoption at such a hearing of any resolution or ordinance providing for the adoption of additional or increased millage null, void, and of no effect," a requirement that the public notices of the rescheduled meeting be published on or before July fifteenth would effectively prevent the taxing authority from levying additional or increased millages on property without further voter approval.
The above recited constitutional and statutory provisions set forth specific requirements for the timing, content, and format of published notices of a public hearing of a taxing authority at which it will consider an increase in its millage rate. Both of them require that such publication be completed no less than thirty days before the hearing date specified in the published notice. By contrast, neither of them specifies that the noticed hearing must be held within any maximum number of days following publication of either notice. Likewise, both of these provisions are silent as to any requirements that must be observed if a properly noticed hearing is rescheduled to a later date.
However, Article VII, Sec. 23(C) of the Louisiana Constitution of 1974 (recited above) provides that its notice requirements for a hearing to consider a millage increase are "in addition to any other requirements of the open meetings law . . .". In this regard, La.R.S. 42:7(A)(1)(b) pertinently provides: *Page 4 
 (i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled
meeting no later than twenty-four hours before the meeting.
 (ii) Such notice shall included the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.
 . . . .
(Emphasis added). This provision of the open meetings law must be readin pari materia with the above recited constitutional and statutory provisions since they do not address procedures to continue a properly noticed and scheduled hearing to consider a millage increase.
We conclude from the above that, if a taxing authority has timely and properly satisfied all notice requirements of Article VII, Sec. 23(C) of the Louisiana Constitution of 1974 and of La.R.S. 47:1705(B) in connection with originally scheduling a public hearing to consider a millage increase, the public hearing may be rescheduled to any later date by complying only with the requirements of La.R.S. 42:7(A)(1)(b). Republication of notice is not required under these circumstances, and afortiori only the twenty-four hours written public notice established by La.R.S. 42:7(A)(1)(b)(ii) is required for the rescheduled hearing.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By:__________________________
 BENJAMIN A. HUXEN II
 Assistant Attorney General